T.C. Memo. 2010-196

UNITED STATES TAX COURT

HENRY R. LORD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 13618-06, 20720-06. Filed September 8, 2010.

<u>Gerald H. Lean</u>, for petitioner.

<u>Erin R. Hines</u> and <u>Andrew M. Stroot</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  After concessions, the issue for decision is whether petitioner obtained a qualified appraisal of a conservation easement to substantiate charitable contribution deductions relating to 2001 and 2004 (years in issue).  The

parties submitted these cases fully stipulated pursuant to Rule 122.[1]

Background

From 1992 until 2003, petitioner and his wife owned real property on Barroll Road in Baltimore, Maryland.  On December 30, 1999, they granted a deed of conservation easement relating to the property (easement contribution) to Land Preservation Trust, Inc., an organization exempt from Federal income taxation pursuant to section 501(c)(3).  Page Appraisal Company, Inc., which was engaged by petitioner, produced an appraisal report stating that the easement contribution's estimated market value was $242,500 (Page appraisal).  The Page appraisal had an effective date of December 31, 1999, and a report date of January 4, 2000.

On April 25, 2003, petitioner and his wife untimely submitted a 1999 joint Federal income tax return (1999 return) on which they claimed a charitable contribution deduction relating to the easement contribution.  With the 1999 return they included Form 8283, Noncash Charitable Contributions, and reported the easement contribution; a December 30, 1999, contribution date; a December 31, 1999, appraisal date; and a $242,500 appraised

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

value.

Petitioner failed to timely file Federal income tax returns for the years in issue. Respondent, on April 14, 2006, sent petitioner a notice of deficiency relating to 2001 and on July 10, 2006, sent petitioner a notice of deficiency relating to 2004. With respect to the years in issue, respondent determined that petitioner was liable for deficiencies and additions to tax for failure to file a return, pursuant to section 6651(a)(1); failure to timely pay tax, pursuant to section 6651(a)(2); and failure to pay estimated income tax, pursuant to section 6654(a).[2] Petitioner and his wife, on June 20, 2006, submitted a 2001 joint Federal income tax return and on April 18, 2007, submitted a 2004 joint Federal income tax return. They claimed a charitable contribution deduction relating to the easement contribution on both returns.

On July 17 and October 12, 2006, petitioner, while residing in Baltimore, Maryland, filed petitions with this Court relating to the notices of deficiency. On April 1, 2008, this Court granted respondent's motion to consolidate for purposes of trial, briefing, and opinion.

### Discussion

---

[2]Petitioner concedes the application of all additions to tax relating to the years in issue.

A taxpayer claiming a deduction for a noncash charitable contribution of more than $5,000 must obtain a qualified appraisal to substantiate the deduction. Sec. 1.170A-13(c)(2)(i)(A), Income Tax Regs. A qualified appraisal must include the date (or expected date) of contribution, the date on which the property was appraised, and the appraised fair market value of the property on the date (or expected date) of the contribution. Sec. 1.170A-13(c)(3)(ii)(C), (H), (I), Income Tax Regs. In addition, the appraisal must be made not earlier than 60 days before the contribution date of the appraised property nor later than the due date of the tax return on which a deduction is first claimed. Sec. 1.170A-13(c)(3)(i)(A), Income Tax Regs.

Respondent contends that petitioner failed to obtain a qualified appraisal to substantiate the easement contribution pursuant to section 1.170A-13(c), Income Tax Regs., and is therefore not entitled to charitable contribution deductions relating to the years in issue.[3] In particular, respondent contends that the Page appraisal fails to state the contribution date, the date the appraisal was performed, and the fair market

---

[3]Pursuant to sec. 7491(a), taxpayers have the burden of proof unless they introduce credible evidence relating to an issue that would shift the burden to the Commissioner. See Rule 142(a). The applicability of sec. 7491(a), however, does not impact the outcome of this case.

value of the easement contribution on the contribution date. Petitioner, citing Bond v. Commissioner, 100 T.C. 32 (1993), contends that he substantially complied with the regulations by providing respondent with the Page appraisal and Form 8283.

The Page appraisal is not a qualified appraisal. The Page appraisal does not include the following significant information: The easement contribution date, the date the appraisal was performed, or the appraised fair market value of the easement contribution on the contribution date. Further, the doctrine of substantial compliance is not applicable if significant information is omitted. See Hewitt v. Commissioner, 109 T.C. 258, 263-265 (1997), affd. without published opinion 166 F.3d 332 (4th Cir. 1998). The appraised fair market value of the easement contribution on the contribution date is not set forth in the Page appraisal, Form 8283, or any other evidence. The Page appraisal, therefore, fails to meet the requirements of section 1.170A-13(c)(3)(ii)(I), Income Tax Regs. We simply do not know what the appraiser intended in referencing the Page appraisal's "effective date" and "report date", and there was no testimony to clarify this matter because the case was fully stipulated. In sum, petitioner failed to substantiate the easement contribution and is not entitled to charitable contribution deductions relating to the years in issue.

Contentions we have not addressed are irrelevant, moot, or meritless.

Decisions will be entered under Rule 155.